IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY WILLIAMS,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | CIVIL NO. A-15-CA-310-LY |
| | § | |
| WILLIAM STEPHENS,<br>    Respondent. | §<br>§<br>§ | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 12).  Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

DISCUSSION

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas.  Petitioner does not challenge his holding conviction.  Rather Petitioner alleges:

1. TDCJ failed to credit him with jail time served for the time spent in custody on a separate offense;

2. He was denied effective assistance of counsel at his parole revocation hearing; and

3. He was denied the right to have a requested witness present at his parole revocation hearing.

## ANALYSIS

**A.   Unexhausted Claim**

Respondent moves to dismiss Petitioner's application for habeas corpus relief due to his failure to exhaust his state court remedies on all of his claims. Respondent admits Petitioner exhausted his state court remedies with respect to his second and third claims. However, he asserts Petitioner failed to properly exhaust his state court remedies with respect to his first claim. Respondent concludes the mixed petition should be dismissed.

In the present case, Petitioner has not presented his first claim to the Texas Court of Criminal Appeals in a procedurally correct manner. However, rather than dismissing Petitioner's mixed petition as unexhausted, Petitioner's petition should be denied on the merits. A court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's unexhausted claim is without merit.

1. Sentence Credit

Petitioner fails to show he has not received proper sentence credit. Petitioner's prison records reflect he was received into the Texas Department of Criminal Justice ("TDCJ") on May 20, 2002, from Travis County on a 15-year sentence. Petitioner was convicted of aggravated assault with a deadly weapon under cause number 3013127, and his sentence began on September 2, 2001.

Petitioner was paroled on January 4, 2012. However, he committed two new offenses on May 2, 2012, in Brazos County while on parole. As a result, the Parole Division issued a pre-revocation warrant on May 14, 2012. Petitioner was subsequently convicted of burglary of a building and criminal mischief and was sentenced to concurrent one-year sentences. Petitioner was transferred to the Bartlett State Jail on November 6, 2012, to serve his new sentences.

On December 7, 2012, a revocation hearing was held regarding Petitioner's parole. On December 14, 2012, the Board of Pardons and Paroles voted to continue Petitioner's parole, and the pre-revocation warrant was withdrawn on December 17, 2012. TDCJ records reflect Petitioner received credit on his 15-year sentence for the time period he was in custody while the pre-revocation warrant was pending.

Petitioner discharged his one-year sentences and was released from the state jail on May 15, 2013, to continue his parole on his 15-year sentence. Petitioner did not receive credit towards his 15-year sentence from December 18, 2012 until May 15, 2013, because he was not in custody for the 15-year sentence during that time period.

While on parole, Petitioner was arrested for committing an assault against his wife, Katherine Williams, on March 7, 2014. A pre-revocation warrant was issued on March 10, 2014, as a result. Petitioner pleaded guilty to assault family violence on July 15, 2014, and was sentenced to 100 days in the county jail. On August 4, 2014, at his final revocation hearing, Petitioner admitted to violating the terms of his parole by committing the misdemeanor offense of assault causing bodily injury to a family member. On August 7, 2014, the Board of Pardons and Paroles voted to revoke Petitioner's parole. On August 28, 2014, Petitioner was transferred to TDCJ custody to continue serving his 15-

year sentence. Petitioner received credit on this sentence from the date the pre-revocation warrant issued on March 20, 2014 to the present.

Petitioner is not entitled to street-time credit because his holding conviction was for aggravated assault with a deadly weapon, one of the offenses listed in section 508.149(a) of the Texas Government Code. See TEX. GOV'T CODE § 508.149(a)(1). Because at the time of his parole revocation Petitioner was a person described in § 508.149(a), he was not entitled to street time credit on his sentence for time spent on parole prior to revocation pursuant to § 508.283(b). Accordingly, Petitioner has shown no error in the calculation of his 15-year sentence.

**B.      Exhausted Claims**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 562 U.S. at 98.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 100 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the

5

relevant state-court decision." <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

<u>Id.</u> at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. <u>Id.</u>

   1. <u>Denial of Counsel</u>

Petitioner alleges he was denied effective assistance of counsel at his parole revocation hearing. Petitioner raised this same claim in his state application for habeas corpus relief, and the state court denied his claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision

6

that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner did not have a constitutional right to appointment of counsel at his revocation hearing. Under certain circumstances, indigent persons may have a right to appointed counsel in a parole or probation revocation setting. See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973) (holding the need for counsel in the informal revocation context should be decided on a case-by-case basis, rather than by an inflexible per se rule). Indigent parolees have a right to appointment of counsel at parole revocation hearings only when the "parolee's version of a disputed issue can fairly be represented only by a trained advocate." Id. at 788.

In Petitioner's case, his parole was revoked because he committed and was convicted of assaulting and causing bodily injury to his wife. Petitioner presents no evidence showing the allegations in the revocation proceeding were complex or that he was incapable of reasonably representing himself at the hearing. To the contrary, the state court records reflect the Parole Division found Petitioner could understand the revocation process and speak for himself, he had an IQ of 95, he acknowledged understanding his rights, he had not been diagnosed with a mental illness, and he was not taking any psychotropic medication. Ex parte Williams, No. Appl. No. 82,793-02 at 37, 49.

Petitioner has failed to demonstrate the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C.A. § 2254(d). Therefore, he is not entitled to habeas relief on this ground.

    2.    <u>Right to Witness</u>

Petitioner next claims his rights were violated at his revocation hearing because the parole officer failed to execute a subpoena to have Katherine Williams come to the parole hearing. Petitioner raised this same claim in his state application for habeas corpus relief, and the state court denied his claim.

In <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), the Supreme Court fully discussed the rights that must be afforded a parolee in conjunction with parole revocation proceedings. The Supreme Court made the following introductory comments in listing the rights that must be afforded to the parolee:

> We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such aproceeding does not apply to parole revocations[.] Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

<u>Id.</u> at 480. The Supreme Court held that a parolee is entitled to a preliminary and final revocation hearing and that the revocation procedures must provide the following:

    1. written notice of the alleged parole violations;

    2. disclosure of the evidence against him;

    3. an opportunity to be heard personally and to present evidence;

    4. the right to confront and cross-examine adverse witnesses, unless the hearing officer finds good cause for not allowing confrontation;

    5. a hearing before a neutral and detached body, and

      6. a written statement by the factfinders describing the evidence reviewed and the reasons for revoking parole.

Id. at 489.  See also Meza v. Livingston, 607 F.3d 392, 404 (5th Cir. 2010); Williams v. Johnson, 171 F.3d 300, 304 (5th Cir. 1999).

      The Supreme Court emphasized that the final revocation hearing should not be equated to a criminal prosecution.  Morrissey, 408 U.S. at 489.  Moreover, the inquiry is narrow and should be flexible enough to consider evidence of letters, affidavits and other materials that would not be admissible in an adversarial criminal trial.  Id.  The right of confrontation and cross examination afforded a defendant at revocation hearings is qualified, and can be limited for good cause.  Id.

      The state court records reflect the subpoena was not served upon Petitioner's victim, Katherine Williams, because an emergency protective order was in effect.  Ex parte Williams, No. Appl. No. 82,793-02 at 37.  Moreover, as noted above, Petitioner had already pled guilty to the assault charge.  As such, there was good cause not to serve the subpoena upon the victim of the crime.

      Moreover, Petitioner presents no evidence of Katherine Williams's anticipated material testimony in his favor, and fails to show that he was harmed by any inability to confront or cross examine her at the preliminary hearing.  See Ybarra v. Johnson, 251 F.3d 156, 2001 WL 300658, at *1 (5th Cir. 2001) ("It is well settled that we may not grant habeas relief unless the error at issue had substantial and injurious effect or influence in determining the proceeding's outcome.") (internal quotation marks omitted).  Petitioner's conviction for assaulting and causing bodily injury to his wife was sufficient evidence to establish he had violated his parole.  Consequently, Petitioner has not and

cannot show the failure to subpoena his wife violated his right to due process or had a substantial or injurious effect on the outcome of the revocation hearing.

As such, Petitioner has failed to demonstrate the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  See 28 U.S.C.A. § 2254(d).  Therefore, he is not entitled to habeas relief on this ground.

## RECOMMENDATION

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus be **DENIED**.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of January, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE